[839 NYS2d 793]

In the Matter of STEVEN PASTERNAK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner

Second Department, July 10, 2007

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey dated February 24, 2005 (182 NJ 531, 868 A2d 289 [2005]), the respondent was disbarred for the knowing misappropriation of trust funds, in violation of New Jersey Rules of Professional Conduct rule 1.15 and he was permanently restrained and enjoined from practicing law.

After being served with the Grievance Committee's notice of motion for the imposition of reciprocal discipline upon him, the respondent submitted a verified response dated May 25, 2005, in which he requested a hearing pursuant to 22 NYCRR 691.3 (d) with respect to the defenses raised. The respondent raised the defenses that reciprocal discipline should not be imposed inasmuch as the New Jersey proceeding was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, that there exists an infirmity of proof with respect to the New Jersey proceeding such that this Court could not accept the New Jersey finding as final, and that the imposition of discipline by this Court would be unjust. The respondent contends that the inexperienced court-appointed attorney who represented him failed to submit proof of the actual facts provided to her. Moreover, the respondent argues that she failed to move into evidence the results of his polygraph examination to prove his understanding of the facts and his intent, and to offer proof that his own funds were available at all times.

A hearing was scheduled for May 18, 2006, at which the respondent failed to appear. The Grievance Committee placed on the record its efforts to secure the respondent's appearance and

offered in evidence documentation demonstrating its efforts to secure the respondent's appearance. Also offered and marked in evidence were the New Jersey order of disbarment and the decision of the New Jersey Office of Attorney Ethics Disciplinary Review Board recommending disbarment. On May 14, 2006, the respondent had requested an adjournment of the hearing because he would be out of the country for a business trip for at least a week. At the conclusion of the May 18, 2006, hearing, Special Referee Mulholland adjourned the proceeding until June 8th, directing that notice be sent to the Appellate Division and to the respondent, for the purpose of allowing the Court to decide whether to amend the decision and order on motion dated April 18, 2006, to give discretion to the Special Referee to reschedule the hearing or to hold the respondent in default.

By decision and order on motion dated May 30, 2006, this Court, on its own motion, amended the decision and order on motion dated April 18, 2006, to afford the Special Referee discretion to set the hearing date on any date "but not later than June 16, 2006." By facsimile received by the Grievance Committee on June 14th, the respondent informed the Clerk of the Court that he would be in Maine on June 16th and therefore, would be unable to attend the hearing. On June 15, 2006, the Clerk of the Court left a message for the respondent to call him regarding his request for an adjournment. The Court's position was that the hearing date had been set by court order and could not be changed except upon motion by the respondent. Once again, the respondent failed to appear on the scheduled hearing date of June 16th. The Special Referee noted his default on the record. The Grievance Committee put into evidence its documented attempts to secure the respondent's presence at that hearing. Notwithstanding letters from the Grievance Committee dated June 1, June 7, and June 9, 2006, and a letter from the Special Referee dated June 8, 2006, the respondent claimed to have been given "short notice to try and prepare and assemble witnesses." In response, Grievance Counsel directed the respondent to contact the Clerk of the Court and advised that the Grievance Committee was prepared to proceed with the hearing at 10:00 A.M. on June 16th in accordance with the directive of the Special Referee and an order of this Court setting forth June 16, 2006, as the final date on which the hearing could be held. In addition, Grievance Counsel also attempted to contact the respondent via telephone at the numbers he had previously provided. Although messages were left for the respondent, he did not return any of the calls.

The Grievance Committee further offered into evidence a certified opinion of the Special Ethics Master, the Honorable Arthur Minuskin, recommending the respondent's disbarment in the New Jersey proceeding.

After the respondent failed to appear for the scheduled hearing on June 16, 2006, the Special Referee noted that the respondent had defaulted and that there is no impediment to the imposition of such discipline as the Court deems appropriate.

By letter dated August 14, 2006, the respondent was informed by the Clerk of the Court that the hearing was held without him, and that his remedy was a motion to vacate his default upon submission of a reasonable excuse for his failure to appear and a meritorious defense to the charges. The Court would thereupon determine whether to reopen the case.

The Grievance Committee moved to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court may deem just and proper.

Subsequent to the Grievance Committee's submission of its motion to confirm, the respondent informed the Court that he had returned from out of state and was "going out for several days" and would make a motion upon his return. On September 7, 2006, the respondent informed the Court that he would be returning to his office on September 8, 2006, and would prepare and file his motion the following week. On September 15, he submitted a facsimile claiming that he was sick and that his papers would be filed the following week. There are no documented communications between the respondent and the Court relative to the motion subsequent to that date. To date, the respondent has not submitted any opposition or reply to the Grievance Committee's motion to confirm. On September 25, 2006, he faxed to the clerk's office, without explanation, the results of a polygraph test administered by Peter J. Brannon, along with pages detailing Mr. Brannon's credentials. The purpose of the polygraph examination was apparently to assess the respondent's truthfulness with respect to the factual issues underlying the New Jersey proceeding which led to his disbarment in that state.

Upon review of all of the evidence adduced by the Grievance Committee on the two hearing dates as well as the transcripts of the New Jersey proceeding, the Special Referee found that by virtue of the respondent's default in appearing and proceeding with the hearing ordered by this Court, the Court could now issue such discipline and/or take such disciplinary action as it deems appropriate.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and FISHER, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Steven Pasternak, is disbarred, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than seven years from the effective date of the disbarment, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) fully complied with the requirements regarding attaining a passing score on the Multistate Professional Responsibility Examination and completing the required hours of continuing legal education (*see* 22 NYCRR 691.11 [c] [2]), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven Pasternak, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven Pasternak, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).